(98 App. Div. 192)

### KINNEALLY v. PEOPLE.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. DESCENT AND DISTRIBUTION—RECOVERY FROM STATE—SURROGATE'S COURT—JURISDICTION.

 Code Civ. Proc. § 2747, provides that, where the person entitled to a legacy or distributive share is unknown, the distribution decree must direct the executor or administrator to pay the amount thereof into the state treasury for the benefit of the person or persons who may thereafter appear to be entitled thereto, and that the Surrogate or the Supreme Court, on the petition of a person claiming to be so entitled, etc., may by reference ascertain the rights of the parties interested, and grant an order for the payment of money due claimant. *Held*, that the Surrogate's Court, within such section, should be construed as relating only to the Surrogate's Court having jurisdiction of the settlement of the estate.

Appeal from Surrogate's Court, Queens County.

Proceedings by Michael Kinneally, as one of the heirs of William A. Kinneally, deceased, against the people of the state of New York, to recover the proceeds of decedent's estate, as one of his heirs at law. From an order of the Surrogate Court of Queens county appointing a referee to hear and determine the rights of persons interested in the funds of such estate in the hands of the State Treasurer, the people appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

George F. O'Shaunessy, for the People.
Jos. J. Myers, for respondent.

HIRSCHBERG, P. J. The only question presented relates to the jurisdiction of the Surrogate's Court of Queens county to make the order. I think that court was without jurisdiction. The petitioner,

Michael Kinneally, is a resident of the county of Queens, and one of the heirs at law of William A. Kinneally, who died in the county of Kings on April 17, 1858, leaving a last will and testament, which was duly admitted to probate in that county, and letters testamentary issued to the executor named in it. It does not appear that any further proceedings were had in the Surrogate's Court of Kings county or in any other Surrogate's Court, with respect to the management or disposition of the estate. The executors, after qualifying, brought an action in the Supreme Court against the people of the state for a construction of the terms of the will of the deceased, and for directions as to the disposition of the estate. In that action a decree was entered on December 9, 1870, adjudging that after the passing of the accounts of the executors the people of the state were entitled to the money, real estate, and other property of the deceased, subject to the claims and rights of any of his lawful heirs or next of kin who may thereafter be discovered. A reference was had in the action to take and state the accounts of the executors, and upon the coming in of the referee's report the executors were discharged. A receiver was also appointed in the action to take possession and control of the estate, and by virtue of a final decree made in December, 1873, the receiver turned over the funds and property of the estate to the State Treasurer, in the sum of about $100,000.

The proceedings which resulted in the order appealed from were instituted upon the verified petition of Michael Kinneally, dated November 30, 1903, addressed to the Surrogate's Court of the county of Queens, and praying for the appointment of a referee to take proof of the facts, with a view to an ultimate direction that the fund be paid over to the petitioner and others named in the petition, as the heirs at law and next of kin of the deceased. The application was based on the provisions of section 2747 of the Code of Civil Procedure, which is as follows:

"Where the person entitled to a legacy or distributive share is unknown, the decree must direct the executor or administrator to pay the amount thereof into the treasury of the state, for the benefit of the person or persons who may thereafter appear to be entitled thereto. The Surrogate, or the Supreme Court, upon the petition of a person claiming to be so entitled, and upon at least fourteen days' notice to the Attorney-General, accompanied with a copy of the petition, may by a reference, or by directing the trial of an issue by a jury, or otherwise, ascertain the rights of the persons interested, and grant an order directing the payment of any money, which appears to be due to the claimant, but without interest, and deducting all expenses incurred by the state with respect to the decedent's estate. The Comptroller, upon the production of a certified copy of the order, must draw his warrant upon the treasury, for the amount therein directed to be paid; which must be paid by the State Treasurer, to the person entitled thereto."

It cannot be doubted that the Supreme Court has jurisdiction under this section to order a reference or otherwise to try and determine the issue as to the right to the fund in question, but I cannot see how such jurisdiction is conferred upon either the Surrogate of Queens county, as a judicial officer, or upon the Surrogate's Court of that county. The section is contained in article 2 of chapter 18, tit. 4, of the Code of Civil Procedure, which relates specifically to the accounting and settlement of estates; and, in the absence of words indicating an intent to

confer power to act upon any Surrogate in the state, the words "the Surrogate" must be deemed to refer to the judicial officer who has or had general jurisdiction over the estate, its representatives, and its management and disposition. It is not pretended that, under the general provisions of the Code of Civil Procedure, such jurisdiction exists in either the Surrogate of Queens county or his court, and no statutory provision appears by which such jurisdiction is conferred by the mere fact of the residence of the petitioner in that county.

It follows that the order should be reversed, and the proceedings dismissed.

Order of the Surrogate's Court of Queens county reversed, with $10 costs and disbursements, and proceedings dismissed. All concur.